# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON DIVISION

| | |
|---|---|
| IN RE:<br><br>DENNIS RAY JOHNSON, II, *et al.*<br><br>Debtor-in-Possession. | Bankruptcy No. 3:16-bk-30227<br><br>Chapter 11 |
| PEOPLES BANK, an Ohio Banking Corporation, as assignee of Producers Coal, Inc. and Moussie Processing, LLC<br><br>Plaintiff,<br><br>v.<br><br>KENTUCKY FUEL CORPORATION, a Delaware Corporation,<br><br>Defendant. | Adversary Pro. No. _____ |

## **COMPLAINT**

Plaintiff, Peoples Bank, an Ohio Banking Corporation, by and through its undersigned counsel, Kirk B. Burkley, Esq., John J. Richardson and Bernstein-Burkley, P.C., states as follows for its Complaint against the above-named Defendant:

### **Parties**

1.      Plaintiff, Peoples Bank ("Peoples Bank" or "the Bank") is an Ohio banking corporation having its corporate office at 138 Putnam Street, Marietta, Ohio 45750.

2.      Defendant, Kentucky Fuel Corporation ("Kentucky Fuel") is a corporation organized under the laws of the state of Delaware having its principal corporate office at 1209

Orange Street, Wilmington, Delaware 19801.  Kentucky Fuel also maintains a corporate office at 302 South Jefferson Street, Suite 600, Roanoke, Virginia 24011.

## Jurisdiction and Venue

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

4.     Venue is proper before this Court in accordance with 28 U.S.C. §1391(b)(2).

## Factual Background

5.     This action is brought by Peoples Bank, as assignee of Producers Coal, Inc., a Kentucky corporation ("Producers") and Moussie Processing, LLC, a Kentucky limited liability company ("Moussie"), to collect sums due and owing by Kentucky Fuel to Producers and Moussie pursuant to a Letter Agreement dated April 6, 2015 which settled multiple prior pending lawsuits between Producers, Moussie and Kentucky Fuel.

6.     On December 31, 2014, Producers initiated a lawsuit against Kentucky Fuel in the Circuit Court of Knott County, Kentucky at Civil Action No. 14-CI-311 alleging, generally, breaches of a Coal Supply Agreement and/or an Agreement of Lease related to a facility known as the Jones Fork Plant.

7.     Also on December 31, 2014, Moussie initiated related litigation against Kentucky Fuel in the Circuit Court of Knott County, Kentucky at Civil Action No. 14-CI-313.

8.     The above-referenced actions filed by Producers and Moussie against Kentucky Fuel will hereinafter be referred to as ("the Lawsuits").

9.     In order to resolve the Lawsuits, Kentucky Fuel agreed, among other things, to pay to Producers the total sum of $2,000,000.

10.    In connection with the settlement of the Lawsuits, Producers, Moussie and Kentucky Fuel entered into a written Letter Agreement dated April 6, 2015 memorializing the

terms of their agreement ("the Letter Agreement").  A copy of the Letter Agreement is attached hereto as **Exhibit A.**

11.   Pursuant to the Letter Agreement, Kentucky Fuel agreed to make a payment of $1,000,000 to Producers immediately upon execution of the Letter Agreement and to pay the remaining $1,000,000 in twenty equal monthly installments of $50,000 each payable on the 6th day of every month beginning May 6, 2015 and ending December 6, 2016.  (Letter Agreement ¶ 4).

12.   By check dated April 6, 2015, Kentucky Fuel timely issued the first required payment of $1,000,000 under the Letter Agreement.  However, pursuant to the instruction of the Secretary of Producers and sole owner of Moussie, Dennis Ray Johnson, II, ("Johnson"), this payment was made to Moussie rather than Producers as was required by the Letter Agreement.

13.   By check dated May 4, 2015, Kentucky Fuel timely made the second required payment of $50,000 under the Letter Agreement.  However, once again pursuant to the instruction of Johnson, Kentucky Fuel made this payment to Moussie rather than Producers.

14.   Kentucky Fuel has failed to issue any further payments under the Letter Agreement.

15.   Kentucky Fuel has never made a payment to Producers under the Letter Agreement.

16.   As of the date of this Complaint, Kentucky Fuel still owes a balance under the Letter Agreement of $950,000.

17.   On May 9, 2016, Johnson filed a voluntary petition under Chapter 11 of the United State Bankruptcy Code in the United States Bankruptcy Court for the Southern District of

West Virginia. His bankruptcy case remains pending at Bankruptcy No. 3:16-bk-30227 before the Honorable Frank W. Volk ("Judge Volk").

18. Producers was placed into Chapter 11 bankruptcy via petition filed August 31, 2016 in the United States Bankruptcy Court for the Southern District of West Virginia. The Producers bankruptcy case remains pending at Bankruptcy No. 3:16-bk-30402 before Judge Volk.

19. Moussie was placed into Chapter 11 bankruptcy via voluntary petition filed May 18, 2016 in the United States Bankruptcy Court for the Southern District of West Virginia. The Moussie bankruptcy case remains pending at Bankruptcy No. 3:16-bk-30248 before Judge Volk.

20. By Order entered November 7, 2016, Johnson's bankruptcy case was administratively consolidated with the bankruptcy cases of thirteen related entities owned by Johnson that were engaged in the coal industry.

21. The Producers and Moussie bankruptcy cases were included in the thirteen cases that were administratively consolidated with Johnson's bankruptcy case.

22. The Johnson, Producers and Moussie bankruptcy cases are now being jointly administrated by Judge Volk at 3:16-bk-30227 in the United States Bankruptcy Court for the Southern District of West Virginia.

23. On February 8, 2018, Judge Volk entered an Order of Court Approving Settlement Agreement which provided, in part, that all of the rights, title and interest of the Trustee and/or the bankruptcy estate of Moussie in the above-described debt of Kentucky Fuel under the Letter Agreement (defined in Judge Volk's Order and prior bankruptcy proceedings as "the KY Receivable"), including, without limitation, all rights and obligations arising thereunder, are ASSIGNED, TRANSFERRED AND CONVEYED to Peoples Bank, including any and all

rights the Trustee has or may have had to pursue collection of the KY Receivable. A copy of Judge Volk's February 8, 2018 Order is attached hereto as **Exhibit B.**

24. Thus, Peoples Bank now stands in the shoes of Producers and Moussie with respect to Kentucky Fuel's indebtedness and owns all rights the Trustee of the Producers and Moussie bankruptcy estates has or may have to enforce the terms of the Letter Agreement and to collect said debt from Kentucky Fuel.

25. Kentucky Fuel is in breach of the Letter Agreement due to its failure to make any payment as required since May 2015.

26. As of the date of this Complaint, Kentucky Fuel owes Peoples Bank the sum of $950,000 pursuant to the Letter Agreement.

## COUNT I
## (BREACH OF CONTRACT)

27. Peoples Bank incorporates by reference all of the preceding paragraphs of this Complaint as if fully set forth herein.

28. The Letter Agreement constitutes a valid and legally binding contract between Kentucky Fuel, Producers and Moussie.

29. Peoples Bank has been assigned all right, title and interest in the indebtedness of Kentucky Fuel under the Letter Agreement and all rights to collect said debt.

30. Kentucky Fuel has failed to comply with the terms of the Letter Agreement by failing to make any scheduled payment thereunder since May 2015.

31. Kentucky Fuel first breached the Letter Agreement when it failed to make the scheduled payment of $50,000 on or before June 6, 2015.

32. Kentucky Fuel has continuously breached the Letter Agreement by its failure to make any monthly payment pursuant to the Letter Agreement since May 2015.

33. Kentucky Fuel currently owes a balance of $950,000 under the Letter Agreement.

34. Producers, Moussie and Peoples have not breached the Letter Agreement.

35. Producers, Moussie and Peoples have fulfilled all conditions precedent to Kentucky Fuel's obligation to make payment pursuant to the Letter Agreement.

36. Peoples Bank has suffered significant economic damages as described herein as a result of Kentucky Fuel's above-described continuing breach of the Letter Agreement.

WHEREFORE, Peoples Bank respectfully requests that this Court enter an Order granting judgment in favor of Peoples Bank and against Kentucky Fuel in the principal amount of $950,000 plus all applicable interest, attorneys' fees, costs of suit and any and all other relief that this Court may deem appropriate.

Dated: March 28, 2018

Respectfully submitted,

BERNSTEIN-BURKLEY, P.C.

By: */s/John J. Richardson*
Kirk B. Burkley (WVSB #11767)
kburkley@bernsteinlaw.com
John J. Richardson (WVSB #13140)
jrichardson@bernsteinlaw.com
707 Grant Street, Suite 2200
Pittsburgh, PA 15219
(412) 456-8107 (T)
(412) 456-8135 (F)
*Counsel for Peoples Bank*